UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTONIO PAUL,

          *Plaintiff,*

– against –

DEPARTMENT OF LABOR,

          *Defendant.*

**MEMORANDUM & ORDER**
25-cv-05049 (NCM) (CHK)

---

**NATASHA C. MERLE**, United States District Judge:

    Pro se plaintiff Antonio Paul filed this complaint against the New York State Department of Labor ("NYS DOL") on August 29, 2025. *See generally* Compl., ECF No. 1. Plaintiff's request to proceed in forma pauperis ("IFP") is granted for the limited purpose of this order.[1] ECF No. 2. For the reasons stated below, the complaint is hereby dismissed.

## BACKGROUND

    Plaintiff filed this action on a form complaint for civil actions. In the space to indicate a basis for the Court's subject matter jurisdiction, plaintiff checked the box for "Federal question". Compl. 4.[2] No federal statute or other provision of federal law has been specified. Plaintiff states that the NYS DOL "has $18,928.00 for me" but that he is

---

[1]     Plaintiff's IFP application claims zero assets, income, or living expenses.

[2]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

unable to access his account without a four-digit PIN. Compl. 5. In his request for relief he states, "I need my money," referencing his unemployment benefits. Compl. 6.

Plaintiff previously filed a similar lawsuit asking this Court "to get [his] unemployment refund of 18,928.00 dollars that was due to [him] during the pandemic." *Paul v. Dep't of Lab.*, No. 25-cv-02662 (NCM) (MMH), 2025 WL 1582258, at *1 (E.D.N.Y. June 4, 2025). By Memorandum and Order dated June 4, 2025, the Court dismissed that complaint for lack of subject matter jurisdiction and because defendants New York State and its agencies are immune from suit under the Eleventh Amendment. *Id.*, at *2. The Court granted plaintiff leave to amend the complaint within 30 days of its order. *Id.*, at *2. On June 18, 2025, plaintiff filed a letter repeating his request for the NYS DOL to send him $18,928.00, but he did not establish the Court's jurisdiction over his claim or suggest any exception to the State's sovereign immunity. *See* Letter, No. 25-cv-02662, ECF No. 5. Accordingly, the Court dismissed the action by Order dated September 3, 2025, No. 25-cv-02662, ECF No. 6, and Judgment was entered on September 4, 2025, No. 25-cv-02662, ECF No. 7. Plaintiff had also filed an earlier lawsuit against the NYS DOL that was dismissed for failure to state a claim, lack of subject matter jurisdiction, and because the only named defendant was immune from suit under the Eleventh Amendment. *Paul v. Dep't of Lab.*, No. 24-cv-00095 (NCM) (LB), 2024 WL 198623, at *2 (E.D.N.Y. Jan. 18, 2024).

## DISCUSSION

Plaintiff's newest complaint is dismissed for lack of subject matter jurisdiction and because defendant is immune from suit under the Eleventh Amendment.

### I.  Lack of Subject Matter Jurisdiction

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction[,] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).[3] Nonetheless, when the Court reviews a pro se complaint, it must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally"). If it is possible that "a valid claim might be stated," the court should give the pro se plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, plaintiff does not include any basis for this Court's subject matter jurisdiction in his complaint. Specifically, plaintiff has not alleged a basis for his case to proceed in federal court. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant is a citizen of the same state as the plaintiff, *see* 28 U.S.C. § 1332.

Plaintiff does not assert a claim based on any federal law. Moreover, "[t]he handling of unemployment insurance benefits claims was committed to the administrative process by the New York Legislature." *Walker v. Comm'r of NYS Dep't of*

---

[3] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

*Lab. & Unemployment*, No. 14-cv-6976, 2015 WL 128028, at *6 (E.D.N.Y. Jan. 8, 2015) (citing N.Y. Labor Law §§ 620–26 (McKinney 2010)). Plaintiff has not indicated that he has exhausted this administrative process. Nor has plaintiff alleged that he sought unemployment insurance assistance directly with the NYS DOL and that the process was closed to him in a manner that would somehow give this Court subject matter jurisdiction.

Plaintiff also fails to allege diversity jurisdiction because there is no indication that plaintiff and defendant are citizens of different states.

Because plaintiff has not alleged a basis for the Court's subject matter jurisdiction, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

## II. Sovereign Immunity

States are immune from suit under the Eleventh Amendment unless the state consents to be sued or Congress has created an exception to sovereign immunity. *Bd. Of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Further, a court shall dismiss an action where it is satisfied that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff has not shown that the State of New York consented to be sued or that Congress created an exception to sovereign immunity that would allow him to bring suit in federal court against the State of New York or any of its agencies. Accordingly, to the extent that plaintiff seeks monetary relief from the State of New York, this claim is also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reasons discussed above, plaintiff's complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(iii). The Court has considered whether to grant leave to amend the complaint. However, in light of

plaintiff's repetitive unsuccessful litigation on this issue, the Court finds that amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss pro se complaint without leave to amend where amendment would be futile); *Cuoco*, 222 F.3d at 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case and mail a copy of this Order and the Judgment to plaintiff.

**SO ORDERED.**

                                               */s/ Natasha C. Merle*
                                               NATASHA C. MERLE
                                               United States District Judge

Dated:        January 27, 2026
                Brooklyn, New York